IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROSE M. JACQUES,                         :
                                         :
            Plaintiff,                    :
                                         :
      v.                                  :        Civ. No. 15-548-RGA
                                         :
CHASE BANK USA, N.A., et al.,             :
                                         :
            Defendants.                   :

---

Rose M. Jacques, Lewes, Delaware. *Pro Se* Plaintiff.

John C. Cordrey, Esq., and Kimberly E. Connolly Lawson, Esq., Reed Smith LLP, Wilmington, Delaware.  Counsel for Defendant Chase Bank USA, N.A.

Christopher Viceconte, Esq., and Jeffrey A. Dougherty, Esq., Gibbons P.C., Wilmington, Delaware.  Counsel for Defendants Seterus, Inc. and Federal National Mortgage Association.

## **MEMORANDUM OPINION**

February 3, 2016
Wilmington, Delaware

*Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Rose M. Jacques, who appears *pro se* and has paid the filing fee, filed

this action on June 26, 2015, alleging violations of the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, identity theft, and the Truth in Lending Act

("TILA"), 15 U.S.C. § 1601, *et seq.* (D.I. 2, 28).[1] Defendants Chase Bank USA, N.A.,

Seterus, Inc., and Federal National Mortgage Association ("Fannie Mae") move for

dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (D.I. 29, 36). Plaintiff

opposes. Briefing on the matter has been completed. (D.I. 30, 31, 37, 38, 45, 46, 47).

## BACKGROUND

Plaintiff, who resides at 33692 Reservoir Drive, in Lewes, Delaware, obtained a

loan from Chase Bank, secured by a mortgage on the Lewes property, dated June 29,

2007. (D.I. 28 at 1, 2, 6). On May 17, 2013, Chase Bank assigned Fannie Mae the

mortgage on the property through an assignment of mortgage. (D.I. 31, Exs. C at 2, H).

Seterus services the mortgage loan for Fannie Mae. (*Id.*, Ex. G at 4, 14).

Chase Bank initiated foreclosure proceedings action in the Superior Court of the

State of Delaware in and for Sussex County on June 22, 2010 *See Jacques v. Chase

Bank USA, N.A.*, 2012 WL 1623393 (Del. May 8, 2012). (D.I. 28 at 3; D.I. 31, Ex. C at

10). In 2010, during the pendency of the foreclosure action, the servicing of the

mortgage loan transferred to Seterus[2] and the mortgage was assigned to Fannie Mae

---

[1]Plaintiff filed an Amended Complaint (D.I. 28) in response to the first motion to dismiss filed by Defendant Chase Bank USA, N.A. (D.I. 20). The Court will dismiss, as moot, Chase Bank's first motion to dismiss. (*Id.*). The Amended Complaint is the operative pleading.

[2]After entry of judgment against the property, Plaintiff moved to stop the Sheriff's sale of the property. The Delaware Superior Court denied the motion on March 14, 2014, and, in doing so, rejected Plaintiff's argument that the servicing transfer of her

by an assignment of mortgage.[3]  (D.I. 31, Ex. G at 14, Ex. H).  Following the trial, the

Superior Court entered an order on June 24, 2011 that granted an *in rem* judgment

against the property in favor of Chase Bank.  (D.I. 31, Ex. C at 6).  Plaintiff appealed,

and, on May 8, 2012, the Delaware Supreme Court affirmed the judgment, *Jacques v.*

*Chase Bank USA, N.A.*, 2012 WL 1623393 (Del. May 8, 2012).  The Delaware

Supreme Court observed that the record reflected that Plaintiff had not made a

mortgage payment on the property since April 2009, and that attached to the

foreclosure complaint were copies of the executed mortgage, note, "and the notice

required by the Fair Debt Collection Practices Act." (*Id*. at *1).  In addition, the

Delaware Supreme Court held, "[T]here was no evidence presented at the trial

supporting [Plaintiff's] claims of fraud on the part of Chase." (*Id*. at *2).  Finally, the

Delaware Supreme Court rejected Plaintiff's arguments that Chase Bank is not the

holder of the mortgage and note on the property, that Chase Bank is a predatory lender

---

mortgage loan was relevant to the foreclosure action.  The Court stated, "[t]he mere
transfer of servicing rights is of no consequence for these proceedings." (D.I. 31, Ex. G
at 2).

   [3] During the pendency of the foreclosure action, on May 12, 2012, Plaintiff filed a
bankruptcy petition pursuant to Chapter 7 of the Bankruptcy Code in the United States
Bankruptcy Court for the District of Delaware. *In re Jacques*, No. 12-11544-BLS.  The
schedules with the petition do not refer to any causes of action against Chase Bank,
although Plaintiff listed her debt to Chase Bank as a secured claim and did not identify
the debt as contingent, unliquidated or disputed.  (D.I. 47, Ex. C at 21, 25).  On June
25, 2012, the Chapter 7 Trustee filed a notice of abandonment as to the property of the
estate.  (*Id*., Ex. B).  The Trustee Report of No Distribution, submitted July 13, 2012,
indicates that the Trustee made a diligent inquiry into the financial affairs of Plaintiff and
the location of the property belonging to the estate, and there was no property available
for distribution from the estate over and above that exempted by law.  (*Id.,* Ex. A at 4
("D.I. 13")).

and has engaged in fraud, and that the Delaware Superior Court did not afford Plaintiff a fair opportunity to present her defenses to Chase Bank's claims. (*Id.*).

Plaintiff commenced this action on June 26, 2015. On July 7, 2015, in Delaware Superior Court, Plaintiff filed a motion to stay the Sheriff's sale that was scheduled for August 18, 2015, pending the conclusion of this case. (*Id.*, Exs. C, I). On August 7, 2015, the Superior Court granted the unopposed motion to stay the Sheriff's sale, and the Superior Court action is now stayed. (*Id.*).

The operative complaint, that is, the Amended Complaint (D.I. 28), is about thirty-two pages long, and has attached to it about fifty pages of various notices and letters sent by Plaintiff to Chase, Seterus, and/or Fannie Mae on or about January 19, 2009, March 11 and May 5, 2010, and May 15 and June 9, 2015. The only specific facts alleged in the Amended Complaint concern the locations of Plaintiff and Defendants, that there was a June 29, 2007, recorded mortgage for $408,120 from Plaintiff to Chase Bank USA, N.A., and that "some time in 2009, . . . the Defendant [Chase, presumably] began attempting to foreclose under the terms of the mortgage." (D.I. 28 at 1-3). Plaintiff also states, "Eventually, the Defendant [Chase, presumably] obtained enough information . . . to allow it to complete a foreclosure judgment against the plaintiff." (*Id.* at 13). Most of the Amended Complaint is written at such a high level of generality that it is, at best, difficult to fathom what the facts are that form the basis for Plaintiff's complaint.

Plaintiff raises FDCPA and identity theft claims against Chase Bank, Seterus, and Fannie Mae and TILA claims against Chase Bank and Fannie Mae. She seeks statutory and actual damages. Defendants move for dismissal on the grounds that this

3

action is barred by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and *res judicata*. They also move for dismissal arguing that Plaintiff fails to state claims upon which relief may be granted, and that the FDCPA and TILA claims are time-barred.

## STANDARDS OF LAW

Defendants seek dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and have submitted matters of public record as well as documents referred to in the complaint in support of their motion. Plaintiff argues that the rules do not permit such evidence, and that the Court cannot consider such evidence and unsworn statements in making its determinations.

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.' The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach [that] document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted). The documents submitted to the Court are mostly matters of public record, and may properly be considered in ruling on Defendants' motions to dismiss.

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

4

**Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele,* 757 F.3d 347, 357-58 (3d Cir. 2014). "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff,'" and the standards relevant to Rule 12(b)(6) apply. *Id.* at 358 (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)).

In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

**Rule 12(b)(6)**

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a

5

claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Though "detailed factual allegations" are not required, a complaint must do more than

simply provide "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014)

(quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to

show that a claim has substantive plausibility. *See Johnson v. City of Shelby*,

__U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for

imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading rules established by *Twombly* and *Iqbal*, a court reviewing

the sufficiency of a complaint must take three steps: (1) take note of the elements the

plaintiff must plead to state a claim; (2) identify allegations that, because they are no

more than conclusions, are not entitled to the assumption of truth; and (3) when there

are well-pleaded factual allegations, the court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane

Const. Corp.*, ___F.3d___, 2016 WL 106159, at *4 (3d Cir. Jan. 11, 2016) (internal

citations and quotations omitted). Deciding whether a claim is plausible will be a

"context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir.

2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570).

6

## DISCUSSION

### *Rooker-Feldman* Doctrine/*Younger* Abstention Doctrine/*Res Judicata*

Defendants argue that this Court lacks jurisdiction over Plaintiff's claims by reason of the *Rooker-Feldman* doctrine, that the Court should abstain from intervening in the foreclosure action pursuant to the *Younger* abstention doctrine, and that the claims are barred by *res judicata*. Defendants argue that all of Plaintiff's claims are based on the same allegations previously asserted in the Delaware Superior Court foreclosure action. The State courts ruled that there was a proper basis to foreclose. Plaintiff argues that the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and *res judicata* are inapplicable because the Amended Complaint does not seek to challenge the previously obtained judgment, but seeks damages against Defendants for unfair and deceptive collection practices and the previously obtained judgment does not cure these violations. (D.I. 46) She also argues that she seeks damages for the theft of her personal information as Defendants obtained it with false representations, without consent, and for ulterior purposes. In addition, she argues that she does not seek to have this Court overturn another Court's decision, but asks the Court to bar all Superior Court and Supreme Court judgments/submissions. Finally, Plaintiff argues that her pleas to the State courts for fraud were thrown out, and this is why she needs the federal court to hear her case.

For the reasons discussed below, the Court will deny Defendants' motions to dismiss based upon the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and *res judicata.*

**Rooker-Feldman Doctrine**

Plaintiff states, "the Plaintiff's complaint does not seek to challenge the previously obtained [state court] judgment." (D.I. 46 at 2). As noted, Plaintiff moved successfully to stay the state court judgment pending the outcome of this case, which seems contrary to the above representation. It should be clear that nothing this Court is able to do, or will do, can constitute review of the foreclosure decision.

To the extent Plaintiff seeks review and rejection of Delaware state decisions, her claims would fall under the purview of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. It is not clear to me on the pleadings that the state courts resolved, or even addressed, the TILA and identity theft claims. The state courts did address at least some aspects of possible FDCPA claims, but given the vagueness of Plaintiff's current claims, it is not clear to me that the state courts addressed all of them.

The *Rooker-Feldman* doctrine applies to the extent this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). The Amended Complaint reveals that Plaintiff's allegations include that Defendants had no right to foreclose on the property and, therefore, violated various statutes in seeking foreclosure. Some portion of her

8

present claims would be, in essence, an attack on the foreclosure judgment.  But

Plaintiff also claims violations occurring in 2015, long after the foreclosure judgment

occurred.  The Court finds that the *Rooker-Feldman* doctrine would bar some aspects

of Plaintiff's claims to the extent the relief she seeks would require "(1) the federal

court [to] determine that the state court judgment was erroneously entered in order to

grant the requested relief, or (2) the federal court [to] take an action that would negate

the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005).

Thus, while Defendants' assertion of the *Rooker-Feldman* doctrine has some

merit, I cannot base a decision on it on this record.

**Younger Abstention Doctrine**

The *Younger* abstention analysis would be similar to the *Rooker-Feldman*

analysis.  The record reflects that the State foreclosure action, including the Sheriff's

sale, was stayed pending the conclusion of this action.  Hence, to the extent it remains

pending in State court and has not yet reached final resolution, the Court must abstain

by reason of the abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37

(1971), which has been extended to civil cases and state administrative proceedings.

*See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982);

*Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).  Under the *Younger* abstention doctrine,

a federal district court must abstain from hearing a federal case which interferes with

certain state proceedings.   Abstention is appropriate only when: (1) there are ongoing

state proceedings that are judicial in nature; (2) the state proceedings implicate

important state interests; and (3) the state proceedings provide an adequate

opportunity to raise the federal claims.  *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d

Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[4] *Huffman*, 420 U.S. at 608.

Plaintiff's action seeks, among other things, damages due to the loss of the fair market value of her property, the costs of defending the state foreclosure action, and other damages relating to the foreclosure action. (D.I. 28 at 31). She also seeks damages that do not so obviously implicate the state proceedings. To the extent she seeks the former damages, the *Younger* elements have been met and none of the exceptions apply. First, there are on-going state proceedings for the foreclosure of real property, including the stayed Sheriff's sale. Second, Delaware has an important interest in resolving real estate issues, and a ruling in the Delaware courts implicates the important interest of preserving the authority of the state's judicial system. *See e.g., Almazan v. 1ˢᵗ 2ⁿᵈ Mortg. Co. of NJ, Inc.*, 2011 WL 2670871 (D.N.J. 2011) (finding that the State has important interests in the foreclosure of property under the *Younger* doctrine); *Greg v. Pagano*, 287 F. App'x 155 (3d Cir. 2008) (court abstained under the *Younger* doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale). Finally, Plaintiff had an adequate opportunity to raise any foreclosure-related potential claims in state court. Accordingly, to the extent Plaintiff

---

[4]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

seeks to set aside the effect of the foreclosure judgment, the Court would have to

abstain pursuant to *Younger* and its progeny.  *See Pennzoil Co. v. Texaco, Inc.,* 481

U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs

failed to raise their federal claims in the ongoing state proceedings).  Under the

circumstances here, though, I do not think *Younger* absention provides a complete

basis for dismissal.

### Res Judicata

Defendants also move for dismissal on the basis of *res judicata*.  They argue

that, assuming the Court has jurisdiction, *res judicata* precludes Plaintiff's claims.

Plaintiff responds that *res judicata* is inapplicable because she is not challenging the

previously obtained judgment, she seeks damages against Defendants for unfair and

deceptive collection practices, the State court judgment does not cure those violations,

and this case has merit of its own.

*Res judicata*, or claim preclusion, applies where the party invoking it

establishes: "(1) a final judgment on the merits in a prior suit involving (2) the same

parties or their privies, and (3) a subsequent suit based on the same cause of action."

*Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (quotation marks

omitted).  *Res judicata* "bars not only claims that were brought . . . , but also claims

that could have been brought." *Id.*

Defendants' position is that:  (1) the parties are the same; (2) Chase Bank filed

the prior litigation, a foreclosure action, against Plaintiff in 2010, and Plaintiff did not

challenge the jurisdiction of the Superior Court; (3) Fannie Mae is in privity with Chase

Bank as a result of the mortgage assignment and Seterus is in privity with Chase Bank

because it began servicing the mortgage loan during the pendency of the bankruptcy proceeding, and they are entitled to the benefit of the State court decisions; (4) the Superior Court judgment and the Delaware Supreme Court order qualify as a "final judgment on the merits" and establish the propriety of the mortgage foreclosure and that Defendants properly exercised their rights under the mortgage loan; (5) Plaintiff's claim in the instant case relating to, or arising from, the transfer of servicing rights to Seterus during the pendency of the foreclosure litigation was fully litigated, as the Superior Court held the claim to be of no consequence; and (6) the original cause of action and the issues decided therein are the same as the claims raised by Plaintiff in this case, or the current claims could have and should have been brought in the prior action.

Having reviewed the filings submitted by the parties, the Court agrees that the claims raised by Plaintiff in the Amended Complaint would be barred by *res judicata* to the extent that they were previously litigated and resolved by final judgments in the Delaware state courts. The Delaware state courts had jurisdiction over the subject matter and the parties. The parties from the original suit are the present parties or are in privity with them. Plaintiff's allegations in this action arise from the same set of facts surrounding the mortgage and the foreclosure proceeding. In the State courts, Plaintiff raised defenses that Chase Bank was not the holder of the mortgage and note on the property, Chase Bank is a predatory lender and engaged in fraud, and the State court did not afford her a fair opportunity to present her defenses to Chase Bank's claims. *Jacques v. Chase Bank USA, N.A.,* 2012 WL 1623393. The State court held that Chase was the valid holder of the note and Mortgage and found no evidence

12

supporting Plaintiff's fraud claims against Chase. Those matters are thus resolved. However, to the extent that Plaintiff attempts to raise new claims (*e.g.*, FDCPA violations, TILA violations, or identity theft), the new claims are not all based on Defendants' alleged conduct concerning the mortgage loan and during the foreclosure action. Further, some of the claims do not seem to have been raised in the state court mortgage foreclosure, and it is not entirely clear that all of them, such as "identity theft," could have been raised in the State court proceeding.

**Fair Debt Collection Practices Act**

Plaintiff alleges that Defendants violated the FDCPA, 15 U.S.C. § 1692, *et seq.*, as follows: (1) when Chase Bank (a) made false representations that it was the holder of the note; (b) falsely representing the alleged amount owed; (c) failed to provide an accounting of its claim; (d) used a false or fictitious name of its business, company or organization; and (e) threatened to undertake a foreclosure against Plaintiff when it did not have the right to do so; and (2) when Seterus and Fannie Mae (a) falsely represented that Defendants held the mortgage loan and/or had the right to foreclose the mortgage on the property; (b) failed to identify or misrepresented Defendants' interests in the property; (c) used a false name to undertake collection actions; (d) failed to provide an accounting of Defendants' claim and misrepresented the amount owed under the mortgage loan; (e) falsely represented that Plaintiff's credit accounts were sold; (f) failed to validate the debt within five business days; and/or (g) impermissibly used Plaintiff's personal information for personal gain. (D.I. 28 at 4-5, 8-15).

13

Defendants move for dismissal of these claims on the grounds that the claims are time-barred and that Chase Bank and Fannie Mae are not debt collectors as defined under the FDCPA.  Plaintiff responds that she has stated a claim, and fraud[5] is never time-barred.  She contends that Defendants did not establish that they had any rights to engage in debt collection (*i.e.*, foreclosure), that Defendants are not her creditors, and it is likely that the trust deed provides them no legal rights or interests under which they were foreclosing.

The FDCPA prohibits debt collectors from "making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995).  It provides that "an action to enforce any liability created by [the Fair Debt Collection Practices Act] may be brought . . . within one year from the date on which the violation occurs." *See* 15 U.S.C. § 1692k(d).  This is a one-year statute of limitations.  Thus, since this lawsuit was filed on June 26, 2015, the statute of limitations had run on any FDCPA violations occurring before June 26, 2014.

Plaintiff argues that Defendants are subject to the FDCPA's disclosure requirements in all of her requests since 2010 and that they repeatedly failed to produce records and disclosures requested under the Act.  The Amended Complaint does not provide specific dates for the purported actions of Defendants, although it appears the conduct complained of occurred before, or during, the foreclosure of the property in 2011 and 2012.  (*See, e.g.,* D.I. 28, Ex. C at 41-80).  The Court takes

---

[5]The Court notes that the Delaware Supreme Court was specific in stating, "There was no evidence presented at the trial supporting [Plaintiff's] claims of fraud on the part of Chase." *Jacques v. Chase Bank USA, N.A.*, 2012 WL 1623393.

14

judicial notice that the foreclosure action commenced in June 2010.  The Amended

Complaint fails to allege any actions by Defendants that occurred after June 26, 2014

that give rise to the FDCPA claims.  Plaintiff's FDCPA claims are barred by the one-

year statute of limitations period.  Therefore, dismissal of the FDCPA claims is

appropriate.

In addition, Defendants are not debt collectors pursuant to the FDCPA.  Under

the FDCPA, a "debt collector" is defined as "any person who . . . regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another."  15 U.S.C. § 1692a(6).  Excluded from the definition are "any officer or

employee of a creditor while, in the name of the creditor, collecting debts for such

creditor" and "any person collecting or attempting to collect any debt owed or due or

asserted to be owed or due another to the extent such activity . . . concerns a debt

which was not in default at the time it was obtained by such person."  15 U.S.C.

§§ 1692a(6)(A), (F).

The FDCPA is not applicable to a creditor seeking to recover a debt owed to it.

*See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors

– as opposed to 'debt collectors' – generally are not subject to the FDCPA").  The

Amended Complaint alleges that, in June 2007, Plaintiff entered into a "collateral"

agreement with Chase Bank USA NA, and this instrument was recorded in the Sussex

County records on the date of June 29, 2007.  (D.I. 28 at 2).  Because Chase Bank

was the lender prior to the loan being in default, it cannot be considered a debt

collector pursuant to the FDCPA and, therefore, the claim against Chase Bank fails as

a matter of law.

15

The Court takes judicial notice that the mortgage was assigned to Fannie Mae. (*See* D.I. 31, Ex. H).  Fannie Mae's role with respect to mortgage loans does not make it a "debt collector" under the FDCPA.  *See Hepler v. Washington Mut. Bank, F.A.*, 2009 WL 1045470 at *4 (C.D. Cal. Apr. 17, 2009) ("The law is well-settled . . . that creditors, [and] mortgagors . . . are not debt collectors and are statutorily exempt from liability under the FDCPA."); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1355 (D. Utah 2009) (holding that "Fannie Mae [is] not a 'debt collector' within the meaning of section [1692a(6)] of the FDCPA because Fannie Mae is not attempting to collect the debt of another, and thus, as a matter of law, the FDCPA allegation against Fannie Mae is also dismissed.") (emphasis omitted).

Based upon the foregoing, the Court will grant Defendants' motions to dismiss the FDCPA claims.  She has not alleged anything that hints at a FDCPA violation within the statute of limitations.

**Identity Theft**

Plaintiff alleges all Defendants committed identity theft when they used Plaintiff's public and private information in the mortgage foreclosure action. Defendants move for dismissal on the grounds that there is no private right of action for an identity theft claim.  In Plaintiff's response, she seems to imply that she may bring the claim under either the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, or the Fair and Accurate Credit Transaction Act ("FACTA") of 2003, Pub.L. 108-159, allegations not raised in the Amended Complaint.  Plaintiff may not amend her complaint with these claims via her oppositions to the motions to dismiss. *Commonwealth of Pa. ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir.

16

1988). In addition, Plaintiff fails to identify the applicable sections of either act. Even were the Court to consider claims under the FCRA, the FACTA, or as a private right of action, which I will do since Plaintiff is *pro se*, the claims cannot survive the motions to dismiss.

The purpose of the FCRA is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). Under the FCRA there is no private right of action under § 1681s-2(a).[6] *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). The duties imposed by § 1681s-2(b)[7] apply only where a creditor is notified by a credit reporting agency that a consumer has disputed information furnished by that creditor." *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (notice to a credit rating agency "is necessary to trigger the furnisher's duties under Section 1681s–2(b).").

Plaintiff does not save her claim by invoking the FCRA. The identify theft allegations simply do not fall within the ambit of the FCRA.

Plaintiff fares no better under FACTA. In 2003, Congress passed FACTA to require merchants to hide all but the last five digits of the account number and entire

---

[6]Section 1681s-2(a) sets forth the duties of furnishers of information to provide accurate information.

[7]Section 1681s-2(b) sets forth the duties of furnishers of information upon notice of dispute.

17

expiration date of their customers' credit or debit cards. 15 U.S.C. § 1681c(g).

FACTA's purpose is "to prevent criminals from obtaining access to consumers' private

financial and credit information in order to reduce identity theft and credit card fraud."

Pub.L. No. 110–241, § 2, 122 Stat. 1565 (June 3, 2008). "FACTA does not contain a

separate provision establishing a private cause of action; the right to sue is granted

under the FCRA." *Pezl v. Amore Mio, Inc.*, 259 F.R.D. 344, 347 (N.D. Ill. 2009). In

addition, a violation of FACTA is limited to individual consumers who use a personal

credit or debit card. *See Pezl*, 259 F.R.D. at 347-48 (N.D. Ill.) ("Section 1681n

provides a private right of action for consumer cardholders to enforce FACTA's

requirements . . . only consumer cardholders have a private right of action under

FACTA."). Similar to the FCRA, the allegations in the Amended Complaint do not fall

within the ambit of FACTA.

The identity theft claims do not allege any cognizable injury (the foreclosure

related injury claims being unavailable to Plaintiff under *Rooker-Feldman* and *res

judicata*) due to the alleged identify theft. *See Reilly v. Ceridian Corp.*, 664 F.3d 38,

44-46 (3d Cir. 2011) (mere allegations of an increased risk of identity theft or risk of

some hypothetical, future injuries are insufficient to establish standing and dismissal is

appropriate). While there is a criminal statute for identity theft, it does not permit a

private right of action. *See* 18 U.S.C. § 1028A.

For the reasons stated, the Court will grant the motions to dismiss the identity

theft claims.[8]

---

[8] It may also be worth noting that the identity theft claims, if based on state law,
would only properly be in federal court pursuant to supplemental jurisdiction, since there

18

**Truth in Lending Act**

Plaintiff raises claims against Chase Bank and Fannie Mae for violations of the

Truth in Lending Act, 15 U.S.C. § 1601, *et seq*.  Chase Bank and Fannie Mae seek

dismissal of the claim on the grounds that they are time-barred.  Attached to the

Amended Complaint are letters to Defendants, dated May 15, 2015, giving them notice

that Plaintiff intended "to rescind the purported obligation under the mortgage and

note."  (D.I. 28 at 30, Ex. A).  The Amended Complaint alleges that Plaintiff served

notices to rescind upon Defendants on or around May 15, 2015, that they had a duty to

either sue Plaintiff to reestablish what they claimed to be the debt, or return Plaintiff's

money or property within twenty days of receipt of the notice to rescind.  (*Id*. at 30).

Plaintiff seeks compensatory damages.  (*Id*. at 31).

In Plaintiff's opposition she attached a letter dated May 5, 2010 to Chase Home

Financing LLC and Fannie Mae for "actual and constructive notice of rescission of

agreement."  (D.I. 46, Ex. C, at 23).  She argues that the TILA claims are not time-

barred by reason of equitable tolling.  She further argues that the May 5, 2010 notice

of rescission is within the statute of limitations period for the notice requirements and,

therefore, she is not precluded from advancing this claim.

Regardless of whether the notice of rescission was on May 5, 2010 or May 15,

2015, the TILA claim is time-barred.  The TILA "is a federal consumer protection

statute, intended to promote the informed use of credit by requiring certain uniform

---

is not complete diversity of the parties.  I would not choose to exercise supplemental
jurisdiction (if the federal claims were all dismissed), as, in this case, state court is a
more suitable venue for the identity theft litigation, particularly given its role in the
related foreclosure litigation.

19

disclosures from creditors." *In re Community Bank of Northern Virginia*, 418 F.3d 277, 303 (3d Cir. 2005).

Claims for rescission of a mortgage loan pursuant to TILA must be brought within three years from the date of the transaction at issue. *See* 15 U.S.C. § 1635(f) ("[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."). "According to the most natural reading of the statutory language, an obligor must send valid written notice of rescission before the three years expires."[9] *Sherzer v. Homestar Mortg. Services*, 707 F.3d 255, 267 (3d Cir. 2013); *see also Jesinoski v. Countrywide Home Loans, Inc.*, __U.S.__, 135 S.Ct. 790 (2015). In a mortgage transaction, a borrower's right to rescind begins to run on the date the mortgage is executed. *See Bartholomew v. Northampton Nat'l Bank of Easton*, 584 F.2d 1288, 1296 (3d Cir. 1978).

Plaintiff alleges that the closing of the loan took place on June 29, 2007 and, thus the statute of limitations began to run that day. Plaintiff was required to serve notice of rescission under the TILA by June 29, 2010 – three years after the loan was originated. In the Amended Complaint, however, it is alleged that Plaintiff sought rescission on May 15, 2015, nearly five years after expiration of the three-year period. Hence, the May 15, 2015 notice of rescission was not timely submitted.

The time limit for seeking rescission is an absolute bar to a cause of action if the right is not exercised within the three-year period. *See Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir. 1998) (indicating that "the time limit for rescinding a

---

[9]The statute says nothing, however, about filing suit within that three-year period. *Sherzer*, 707 F.3d at 267.

loan transaction under . . . TILA extinguishes the right itself, as opposed to the right to a remedy, and thus is not a typical statute of limitations"). This three-year period is a statute of repose, rather than a statute of limitations, meaning that the right is extinguished after the three-year period passes and is not subject to equitable tolling. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998). Contrary to Plaintiff's position, the three-year period is not subject to equitable tolling. Plaintiff's right of rescission had been extinguished by the time she submitted the May 15, 2015 notice of rescission. Therefore, the Court will grant Defendants' motion to dismiss this claim.

Alternatively, were the Court to consider May 5, 2010 as the date of the notice of rescission, a date that falls within three years of the transaction, the claim also fails as Plaintiff failed to timely file a lawsuit to enforce her rights. Plaintiff seeks compensatory damages as a result of Defendants' alleged failure to act upon her notice of rescission.

When a borrower exercises a valid right of rescission, the creditor must act within twenty days of receipt of the notice of rescission, returning the borrower's money and terminating its security interest. 15 U.S.C. § 1635(b). Failure to respond to the borrower's request constitutes a separate TILA violation. 15 U.S.C. § 1640(a). A one year statute of limitations for violations of rescission under § 1635(b) then runs from twenty days after a plaintiff provides notice of rescission.[10] 15 U.S.C. § 1640(e); *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 839 (11th Cir. 2010).

---

[10]Because the TILA does not expressly supply a limitations period for this claim, the Court borrows the most closely analogous federal statute. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 146-50 (1987). Section 1640(e) of the TILA provides a one-year statute of limitations for the filing of a suit once a violation of TILA has occurred.

21

Plaintiff's claim is barred by the TILA's one-year statute of limitations. Plaintiff executed the mortgage loan documents on June 29, 2007 and purportedly provided the lender written notice of her right to rescind on May 5, 2010. The lender had twenty days from May 5, 2010, in which to respond. Plaintiff, thereafter, was required to file suit within one year. She did not file the instant lawsuit until June 26, 2015, close to four years after the expiration of the statute of limitations.

To the extent Plaintiff asserts equitable tolling as to the one-year time period, she "must also demonstrate that [she] 'exercised reasonable diligence in investigating and bringing the claims.'" *Miller v. New Jersey Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998). This she has failed to do. The foreclosure proceedings were initiated against Plaintiff in June 2010 and, once served, Plaintiff actively participated in the litigation. Plaintiff makes no factual allegations that would support equitable tolling. The filings and exhibits do not suggest that Plaintiff exercised reasonable diligence in investigating and bringing this claim.

Finally, *Jesinoski* does not help Plaintiff's position. It holds that a borrower must give written notice of rescission under the Truth in Lending Act, 15 U.S.C. § 1635(a), (f), within (at most) three years after the date the loan was consummated, but does not speak to the issue of the whether a borrower filed suit in a timely manner.

For these reasons, the Court will grant the motions to dismiss the TILA claims.

### CONCLUSION

For the above reasons, the Court will dismiss as moot Chase Bank USA, N.A.'s first motion to dismiss (D.I 20) and will grant Defendants' motions to dismiss. (D.I 29, 36) The Court finds amendment would be futile.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE